# GARFIELD *v.* UNITED STATES EX REL. EDWIN W. SPALDING.

---

## SAME *v.* SAME.

---

## SAME *v.* SAME.

---

# GARFIELD *v.* UNITED STATES EX REL. JAMES H. SPALDING.

---

## SAME *v.* SAME.

---

## SAME *v.* SAME.

---

# GARFIELD *v.* UNITED STATES EX REL. HARVEY SPALDING.

---

CONSTITUTIONAL LAW; DUE PROCESS OF LAW; ATTORNEYS, DISBARMENT OF; DEPOSITIONS.

1. In a proceeding to disbar an attorney, due process of law requires specific charges, due notice of the same, an opportunity to make

specific answer to them, an opportunity to cross-examine witnesses in support of them, an opportunity to adduce testimony in contradiction of them, and an opportunity for argument upon the law and facts. (Following *United States ex rel. Wedderburn* v. *Bliss*, 12 App. D. C. 485.)

2. Where the Secretary of the Interior, in a proceeding to disbar attorneys practising before his Department, who have specifically denied the charges against them, considers and bases his order of disbarment upon other charges against them than those which they are cited to answer, and also upon depositions taken without notice to them, he acts in excess of his jurisdiction, and without due process of law, and the writ of mandamus will issue on their relation to. compel him to vacate the order of disbarment and restore them to practice.

Nos. 1932, 1936, 1951, 1931, 1935, 1947 and 1946.  Submitted October 13, 1908.  Decided November 6, 1908.

HEARING on appeals by the respondent, the Secretary of the Interior, from orders of the Supreme Court of the District of Columbia, sustaining demurrers to his answers to three petitions for the writ of mandamus, and directing the issuance of the writ to compel him to vacate orders disbarring the relators from practice as attorneys before his Department, and to restore them to the roll of attorneys; and also upon motions by the relators to dismiss the appeals, and also to dismiss certain other appeals which had been specially allowed by this court, on the ground that the appellant had failed to give appeal bonds.                    *Order affirmed and motions denied.*

The facts are stated in the opinion.

*Mr. Daniel W. Baker,* United States Attorney for the District of Columbia; *Mr. Stuart McNamara,* Assistant, *Mr. George W. Woodruff,* Assistant Attorney General, Interior Department, and *Mr. F. W. Clements,* First Assistant Attorney General, Interior Department, for the appellant.

*Mr. Charles Cowles Tucker, Mr. J. Miller Kenyon,* and *Mr. Edward S. Bailey* for the appellees.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

These three cases [involving seven separate appeals] are appeals prosecuted by the Secretary of the Interior, by direction of his Department and the Department of Justice, without bond, from an order in each case directing the issue of a writ of mandamus to the Secretary, commanding him to vacate an order disbarring the several relators, doing business under the firm name of Harvey Spalding & Sons, and to restore them to practice before the Department and its bureaus and offices.

The proceeding to disbar relators was against them jointly. Each of them has prosecuted an independent petition for mandamus, founded on the claim that while they were nominally copartners, and used the firm name of Harvey Spalding & Sons, each was acting independently of the others in different lines of the business, and responsible solely for acts done by himself.

No objection was made to the separate petitions on this account.

The facts on which the order of disbarment was rested are, for all practical purposes, the same in each case. They were all argued together upon the record in No. 1951, and submitted at the same time with *Garfield* v. *United States,* No. 1941 [*ante,* 109] and *Garfield* v. *United States,* No. 1948 [*ante,* 143].

The proceedings regarding the right of the Secretary to appeal without bond, and the motions to dismiss, are identical with those in *Garfield* v. *United States, ante,* 153, and, for the reasons given in the opinion in that case, the motions are denied.

Referring again to the opinion in that case for the discussion and determination of certain general questions in this, we shall consider but one question which distinguishes this case from that.

Without stating the case as shown in the petition and answer, it is sufficient to say that, after certain charges which seem to have been abandoned, charges were served upon the relators on June 24, 1907, of improper practices in the matter of three

claims prosecuted by Harvey Spalding & Sons before the Pension Office. This charge was made by the Commissioner of Pensions on information derived, in part, from depositions taken by him in the course of a general investigation of the conduct of practice of attorneys in his office. This charge recites the prosecution by relators of certain claims in the names of Alexander McCauley, Susan Teague, and James Sloan. Reciting the proceedings in said cases, it is alleged that the warrant of each client was purchased by said attorneys, assigned to them, and resold by them at a considerable advance in price. In McCauley's case the purchase price alleged was $400 and resale for $720. In Susan Teague's case, the purchase was for $225, and the resale for $468. In Sloan's case the purchase was for $320, and the resale for a sum between $600 and $760. The charge founded on these specifications was that, having failed to advise the clients of all the facts which could have influenced them in determining the propriety of executing the said assignments, "You offered your said clients what you then and there knew to be inadequate sums of money for executing the assignments, and thereafter procured the subject-matter in said actions, the said warrants, at a fraction of their real value, in violation of the confidence reposed in you by your said clients and of your professional duty in the premises." It was also charged that the warrants have been and are now unlawfully withheld from the said clients in violation of the act of July 4, 1884, and of professional duty.

In answer to this charge Edwin W. Spalding made answer July 24, 1907. In this he denied the charge that he had been guilty of any unprofessional conduct in the premises and said: "The charge that I 'offered to clients what I knew to be an inadequate sum of money for executing the assignment, and that I secured the warrants at a fraction of their real value, in violation of the confidence reposed in me and my professional duty,' is utterly untrue." In his answer he made the further statements that the business of Harvey Spalding & Sons is, in reality, two separate businesses, the name having

been retained simply from custom and convenience. That James H. Spalding is absolute owner of all pension business, while Edwin W. Spalding is owner of all business before the General Land Office and is also a dealer in scrip of all kinds. That the three cases recited arose from the pension business of James H. Spalding. That James H. Spalding had nothing to do with the purchase of the warrants. That the warrantees were represented by agents, Woodward and Hirst, with whom the correspondence was had, and through whom the sales were made. That in the sale the warrantees did not guarantee the warrants, and relator, in selling them, guaranteed them and was responsible to the purchaser for the purchase price in case the warrant was ever held otherwise [than as guaranteed]. That there was no misrepresentation whatever and no inducement offered to the parties. There was a general statement as to market prices of such warrants at and about the time. James H. Spalding's answer was in accord with that of Edwin W. Spalding aforesaid, disclaiming any connection with the transaction. Harvey Spalding's answer was that he had no connection with matters charged. That he had no interest in the business of Harvey Spalding & Sons, conducted by his sons, and has not had for ten years. No testimony was taken on their answers or the charges to which they responded. The Commissioner reported to the Secretary in favor of disbarment, and returned therewith a lengthy statement of testimony that had been taken by him through special agents. The relators had no notice of taking the depositions, and were not given copies of the same as in the case of Gaddis. See *Garfield* v. *United States,* recently decided [*ante,* 143]. It also appears from the respondent's answer to the petition that, on the hearing before him, the relators objected to the consideration of this testimony because they had no notice and no opportunity to examine the witnesses, etc. The answer also made the point that, as long as such relator held himself out as a member of the firm, and did business before the Department under that name, each was responsible for all acts done by any member of the firm.

To meet the charge and the specific denial of the answers

thereto there was no other testimony. From the answer of the respondent it appears that he treated the charge and answers as relating to general unprofessional conduct and violations of the laws, rules, and regulations governing the Department. Moreover, the order of disbarment was for transacting business with their clients clearly incompatible with their duties as attorneys, "and with the laws, rules, and regulations under which they were recognized and permitted to represent claimants before this Department and its Bureaus."

Passing by the question as to the liability of each member of the partnership for all acts of the same, which is immaterial, though it would seem that the Secretary's view of the same was a correct one, it is clear that there is a substantial difference between the conditions of this case and those of *Garfield* v. *United States.* In that case the charge was general, relating to misleading and deceiving clients, and securing additional compensation, etc., in violation of the statutes and rules and regulations governing practice in the Department. The answers of the relators in that case were considered to be substantial admissions of the charge.

In this case the charge was limited to a particular act; namely, the purchase of warrants at an inadequate price; and was specifically denied. Due process of law in such cases requires specific charges, due notice of the same, an opportunity to make specific answers to them, an opportunity to cross-examine the witnesses in support of them, an opportunity to adduce testimony in contradiction of them, and an opportunity for argument upon the law and facts. *United States ex rel. Wedderburn* v. *Bliss,* 12 App. D. C. 485, 493.

In considering other charges than those which the relators were called upon to answer, and founding his order of disbarment thereon, the Secretary acted in excess of his jurisdiction in the premises. Even if the charge made warranted the broad interpretation, still, the relators had denied the specific one, and their answers contained no admission of guilt in any other respect. Consequently a finding against them must necessarily have been founded on testimony taken without notice to them,

and without opportunity to cross-examine the witnesses, and to the consideration of which they did not assent in any way.

We are of the opinion that the learned trial justice was right in holding that the proceeding was a denial of due process of law, and the judgment in each case will be affirmed, with costs.

*Affirmed.*

A petition by the appellant for a rehearing was denied January 16, 1909.

A petition by the appellant to the Supreme Court of the United States for the allowance of the writ of certiorari was denied by that court.